UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| EFRON LAVERT SIMON, SR., ET AL | * | CIVIL ACTION NO. 2:14-cv-3459 |
| | * | |
| | * | |
| v. | * | JUDGE MINALDI |
| | * | |
| | * | |
| DR. LESLY VARGHESE, M.D., ET AL | * | MAGISTRATE JUDGE KAY |

*************************************************************************

## MEMORANDUM RULING

Before the court is a Motion to Dismiss (Rec. Doc. 10) filed by Defendant United States of America ("government"), by and through the United States Attorney for the Western District of Louisiana. Plaintiffs Efron Lavert Simon, Sr., Thornis Wayne Simon, Lester Joseph Simon, Jr., and Bristle Shenell Simon did not file a response. For the following reasons, the motion will be **GRANTED**.

## FACTS & PROCEDURAL HISTORY

On December 17, 2014, Plaintiffs filed a complaint asserting claims under the Federal Tort Claims Act.[1] The following day, summonses were issued as to Southwest LA Center for Health Services, Inc.,[2] and Lesly Varghese.[3] On April 20, 2015, the clerk of court notified the Plaintiffs of its intent to dismiss the matter for failure to prosecute.[4] Plaintiffs filed a motion to extend the deadline to effect service by two months on April 22, 2015,[5] which was granted by the Magistrate Judge on April 23, 2015. Certified mail return receipts were filed on July 15, 2015,[6] indicating that Jennifer B. Frederick, Assistant United States Attorney, received mail on

---

[1] *See* Compl. (Rec. Doc. 1).
[2] Southwest LA Center for Health Services, Inc., is a Public Health Service employee under 42 U.S.C. 233.
[3] Summons (Rec. Doc. 2).
[4] Notice of Intent to Dismiss (Rec. Doc. 3).
[5] Mot. for Extension (Rec. Doc. 4).
[6] Certified Mail Return Receipts (Rec. Doc. 8).

1

October 6, 2014, and Stephanie A. Finley, United States Attorney, received mail on October 6, 2014.[7] A certified mail return receipt filed on July 16, 2015,[8] indicates that certified mail was delivered to the Attorney General of the United States in Washington, D.C., on May 5, 2015. The government filed a motion to dismiss on September 24, 2015, but the Plaintiffs did not file a response.

## LAW & ANALYSIS

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the subject matter jurisdiction of the court. FED. R. CIV. P. 12(b)(1). The court may dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995)).

> Under Federal Rule of Civil Procedure 4(i)(1), to serve the United States a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

---

[7] Although the date on this certified mail return receipt is illegible, when the tracking number (7012 2920 0000 3326 8319) was submitted to the USPS website, it indicated that the mail was delivered on October 6, 2014.
[8] Certified Mail Return Receipt (Rec. Doc. 9).

"If a plaintiff fails to serve the defendant properly within 120 days of filing the complaint, upon motion of the defendant or *sua sponte* by the court with notice to the plaintiff, the action shall be dismissed without prejudice unless the plaintiff shows good cause for failure to complete service." *Flory v. United States*, 79 F.3d 24, 25 (5th Cir. 1996) (citing FED. R. CIV. P. 4(j)) (now FED. R. CIV. P. 4(m))[9] (additional citations omitted).

Plaintiffs have not responded to the motion to dismiss, and have otherwise failed to meet their burden of proving the court has jurisdiction. There is no evidence in the record that the United States was properly served as required by Federal Rule of Civil Procedure 4(i). No summons was ever filed naming the United States as a defendant. Moreover, an analysis of the certified mail return receipts filed by the Plaintiffs on July 15, 2015, purporting to show that both Stephanie A. Finley, the United States Attorney for the Western District of Louisiana, and Jennifer B. Frederick, Assistant United States Attorney, were timely served reveals that the mail was delivered more than two months before the complaint was even filed. Thus, Plaintiffs have produced no evidence that they "deliver[ed] a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk [or] to the civil-process clerk at the United States attorney's office." FED. R. CIV. P. 4(i)(1)(A). Accordingly, this matter will be dismissed for failure to comply with the service requirements of Federal Rule of Procedure 4(i).

Lake Charles, Louisiana, this ___ day of _____ April _____, 2016.

                                            PATRICIA MINALDI
                                            UNITED STATES DISTRICT JUDGE

---

[9] Federal Rule of Civil Procedure 4(m) has since been amended to reduce the time limit to 90 days.